IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIK DONNELLY,<br>ID # 01537459,<br>Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | No. 3:24-CV-2275-S-BW |
| | § | |
| 249TH DISTRICT COURT, et al.,<br>Defendants. | §<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Prisoner's Civil Rights Complaint, received on July 22, 2024. (Dkt. No. 1.) Based on the relevant filings and applicable law, the Court should **DISMISS** the complaint.

## I. BACKGROUND

Erik Donnelly, a state prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division, is serving a life sentence imposed in 2008 by the 249th Judicial District Court of Johnson County, Texas, on two counts of aggravated sexual assault of a child younger than 14 years old. *See Donnelly v. State*, No. 10-08-00398-CR, 2010 WL 4243538, at *1 (Tex. App.—Waco Oct. 27, 2010, pet. ref'd). He filed this civil rights action under 42 U.S.C. § 1983 against the 249th Judicial District Court, former Judge Wayne Bridewell of the 249th Judicial District Court ("Judge"), Johnson County District Attorney Dale Stanley Hanna ("DA"), Detective

[1] By Special Order No. 3-251, this pro se case has been automatically referred to the undersigned magistrate judge for case management. (*See* Dkt. No. 8.)

Sean Bagwell of the Cleburne Police Department ("Detective"), former notary Connie Longoria ("Notary"), Johnson County District Clerk David R. Lloyd ("District Clerk"), Marshall Young Insurance Agency L.L.C. ("Marshall Young Insurance"), and Western Surety Company ("Western Surety"). (*Id.* at 3, 6-8.) Donnelly's lawsuit appears to stem from affidavits submitted by Detective and notarized by Notary in 2015 and 2017 in connection with state habeas applications filed by Donnelly in the 249th Judicial District Court. (*See id.* at 3-4; *see also* Dkt. No. 10 at 1-4.)

According to Donnelly, he filed state habeas applications in 2015 and 2017, in connection with which Defendants "submitted widespread misconduct in the county of Johnson County, towards [him.]" (Dkt. No. 1 at 4 (capitalization altered).) Specifically, Donnelly contends that the 249th Judicial District Court "accepted fraudulent activity," Judge "accepted void notary," which violated "governing laws and rules concerning Texas notary," and DA "allowed notary to violate laws and rules of Texas Notary Public." (*Id.* at 3 (capitalization altered).) He posits that District Clerk "accepted and filed fraudulent misconduct" by the 249th Judicial District Court, Judge, and DA "in violation of due process rights." (*Id.* at 7 (capitalization altered).)

He also alleges that Detective made a false statement in his affidavits and used a "null notary" with no log book of notarization, which he appears to suggest rendered Detective's affidavits void. (*Id.* at 3 (capitalization altered).) Regarding Notary, Donnelly states, "no log book of notary's for court, null stamp, no ID#,"

and he appears to allege that Notary violated laws pertaining to Texas notaries public. (*Id.* (capitalization altered).) Donnelly appears to sue Marshall Young Insurance and Western Surety because they, respectively, commissioned and bonded Notary, and thereby allowed Notary's alleged misconduct. (*See id.* at 7.)

Donnelly sues the 249th Judicial District Court "in the municipal liability," and he sues Judge, DA, Detective, and District Clerk in their official capacities. (*Id.* at 9 (capitalization altered).) He purports to sue Marshall Young Insurance in its official capacity, Western Surety in its official and individual capacities, and Notary in her individual capacity "as employee of Johnson County." (*Id.* (capitalization altered).) He seeks "exemplary damages, pecuniary compensation, [and] compensatory damages." (*Id.* at 4 (capitalization altered).) He also appears to seek unidentified "prospective injunctive relief" from Detective. (*Id.* at 9 (capitalization altered).)

## II. PRELIMINARY SCREENING

Donnelly is a prisoner who has been permitted to proceed in forma pauperis ("IFP") in this action. (*See* Dkt. No. 11.) As a prisoner seeking redress from state officers, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Because Donnelly is proceeding IFP, his complaint also is subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of a complaint, or any part of it, if the Court finds it is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 555.

## III. SECTION 1983

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States[.]" *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See, e.g., Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

### A. Eleventh Amendment Immunity

As the Court has noted, Donnelly sues Defendants Judge and DA in their official capacities in this civil rights action. (*See* Dkt. No. 1 at 9.) Official capacity

claims against Judge and DA are the same as claims against the entity of which each is an agent, which in this case is the State of Texas. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Russell v. Jones*, 49 F.4th 507, 512-13 (5th Cir. 2022); *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009).

Under the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. In other words, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although Eleventh Amendment immunity may be abrogated by Congress through the Fourteenth Amendment or waived by a state's consent to suit, neither of these exceptions applies to § 1983 claims for monetary damages. *See Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998).

"Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors." *Diggles v. Lindsay Law Firm P.L.L.C.*, No. 23-20594, 2024 WL 3158486, at *1 (5th Cir. June 25, 2024) (unpublished) (citation and internal quotation marks omitted). Similarly, Texas district attorneys and assistant district attorneys are entitled to Eleventh Amendment immunity when sued in their official capacity for actions arising out of their prosecutorial duties. *See Pierce v. Kaufman Cnty. Dist. Atty's Off.*, No. 3:16-CV-2554-G-

BH, 2018 WL 5624195, at *3 (N.D. Tex. Sept. 27, 2018), *rec. adopted*, 2018 WL 5620548 (N.D. Tex. Oct. 29, 2018).

Donnelly's official capacity claims against Judge and DA for monetary damages are therefore barred by Eleventh Amendment immunity.[2] Accordingly, the Court should dismiss these claims without prejudice.[3]

**B. *Heck* Bar**

In addition, Donnelly's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* provides that a plaintiff who seeks to recover damages for an allegedly unconstitutional conviction, imprisonment, or other unlawful action that renders a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *See id.* at 486-87. In the prisoner context, *Heck* applies to claims seeking declaratory and injunctive

[2] Donnelly's allegations against Judge and DA stem from alleged actions that arise from acts performed by Judge in his capacity and function as the presiding judge of Donnelly's 2015 and 2017 state habeas proceedings and by DA in his advocacy role in those same post-conviction proceedings. (*See* Dkt. No. 1 at 3-4, 9.) Further, Donnelly does not allege any facts showing that Judge or DA acted other than in a judicial or an adjudicative role, respectively. As such, even if the Court liberally construes Donnelly's complaint to assert individual capacity claims against Judge and DA, those claims are barred by absolute immunity. *See, e.g.*, *Shojai v. Gomez*, No. H-24-4341, 2025 WL 1914783, at *5 (S.D. Tex. Apr. 28, 2025) (citing *Phan v. Hanen*, No. 23-20598, 2024 WL 3593902 (5th Cir. July 31, 2024)), *rec. adopted*, 2025 WL 1762968 (S.D. Tex. June 26, 2025); *Radford v. Dir., TDCJ*, No. 3:21-CV-02650-L (BH), 2023 WL 5921628, at *3 (N.D. Tex. June 20, 2023) (citing, among others, *Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976)), *rec. adopted*, 2023 WL 5528608 (N.D. Tex. Aug. 25, 2023).

[3] Claims barred by Eleventh Amendment immunity can only be dismissed for lack of subject matter jurisdiction "and not with prejudice." *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996).

relief as well as those seeking monetary damages. *See Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) and *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998)).

Here, a decision granting Donnelly monetary damages or injunctive or declaratory relief on his allegations challenging the submission and acceptance of purported unlawfully notarized, void, and false affidavits of Detective in Donnelly's prior state habeas proceedings would necessarily imply that his convictions were invalid. *See Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004) ("A decision granting [the plaintiff] injunctive or declaratory relief on her allegations of . . . the filing of false affidavits in her state habeas corpus proceeding . . . would necessarily imply that her conviction was invalid."). Because Donnelly has not demonstrated that his convictions have been reversed, invalidated, or otherwise set aside, and because the central theme of his allegations against Defendants pertains to the validity of Detective's affidavits in Donnelly's 2015 and 2017 state habeas proceedings, his claims are barred by *Heck*. *See id.*

As such, Donnelly's complaint lacks any basis in law, and the Court should dismiss the complaint with prejudice as frivolous until Donnelly satisfies the conditions set forth in *Heck*. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (stating that a § 1983 claim barred by *Heck* is legally frivolous).

### C. Failure to State a Claim

Even if *Heck* did not bar Donnelly's claims, the undersigned alternatively concludes that his claims are subject to dismissal for failure to state a claim.

#### 1. Municipal Liability

Donnelly in part sues Judge, DA, and District Clerk in their official capacities as "policymaker[s]" or, in District Clerk's case, as a "policy coordinator." (Dkt. No. 1 at 9.) He sues Detective generally in his official capacity. (*See id.*) As the Court has explained, a claim against Defendants in their official capacities is the same as a claim against the entity of which each is an agent, which Donnelly alleges is Johnson County for purposes of municipal liability.[4] (*See id.*); *Graham*, 473 U.S. at 165; *Olibas v. Dodson*, 593 F. App'x 412, 413 n.1 (5th Cir. 2015) ("[I]t is well-settled that claims against a municipal official in his official capacity are claims against the county.").

Municipalities, including counties and cities, may be liable under § 1983. *See Hampton Co. Nat'l Sur., LLC v. Tunica Cnty.*, 543 F.3d 221, 224 (5th Cir. 2008). A municipality may be liable under § 1983 only if the execution of one of its customs or policies deprives a plaintiff of his federally protected rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Jones v. City of Hurst*, No. 4:05-CV-798-A, 2006 WL 522127, at *3 (N.D. Tex. Mar 2, 2006) (citing *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). A municipality cannot be liable under a theory of respondeat

[4] Although Judge and DA in their official capacities are agents of the State of Texas for purposes of § 1983 liability, as the Court has discussed, liberally construing Donnelly's pro se pleadings, the Court separately addresses Donnelly's contentions that Judge and DA were policymakers for Johnson County for purposes of § 1983 municipal liability.

superior, however. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (citing *Monell*, 436 U.S. at 694).

"Official policy" is defined as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). "The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)). "[A] complaint must contain either direct allegations on every material point necessary to sustain a recovery. . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be

introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation and internal quotation marks omitted).

Here, at minimum, Donnelly fails to allege facts showing any official policy or custom that resulted in the violation of his rights. He therefore has failed to state a claim for municipal liability under § 1983, and the Court should dismiss any official capacity claims against Judge, DA, District Clerk, and Detective premised on such.

**2. Non-Jural Entity**

Donnelly also names the 249th Judicial District Court of Johnson County, Texas, as a defendant in this § 1983 action. (*See* Dkt. No. 1 at 3, 9.)

A plaintiff may not bring a civil rights action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."). "Federal courts in Texas have uniformly held that courts are non-jural entities that are not subject to suit." *Craaybeek v. Bristow*, No. 7:20-cv-031-O, 2021 WL 2274889, at *1 (N.D. Tex. May 19, 2021) (citing cases); *see also Stacker v. Givens-Davis*, No. 3:23-CV-00833-D-BT, 2024 WL 4427818, at *2 (N.D. Tex. Sept. 10, 2024) (stating that 282nd Judicial District Court, among others, was a nonjural entity without capacity to be sued in a civil rights action and dismissing claims against it for failure to state a claim), *rec. adopted*, 2024 WL 4428988 (N.D. Tex. Oct. 4, 2024). Because the 249th Judicial District Court is not a separate legal

entity that may be sued, it is not a proper defendant in this case, and the Court should accordingly dismiss Donnelly's claims against that court for failure to state a claim.[5]

**3. Non-State Actors**

Donnelly sues Notary in her individual capacity and two private businesses, Marshall Young Insurance and Western Surety, in this action. (*See* Dkt. No. 1 at 3, 6-9.) As the Court has discussed, to prevail under § 1983, a plaintiff must establish that the defendant acted under color of state law in violating his rights. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986); *Flagg Bros.,* 436 U.S. at 155. A plaintiff can make this showing by demonstrating that the defendant's actions are "fairly attributable to the state." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation and internal quotation marks omitted); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) ("Mere[] private conduct, no matter how discriminatory or wrongful, is excluded from § 1983's reach.") (citation and internal quotation marks omitted)).

Donnelly summarily states that Notary is sued as an "employee of Johnson County." (Dkt. No. 1 at 9 (capitalization altered).) Even if Notary were an employee of Johnson County, as Donnelly alleges, Donnelly alleges no facts to show

[5] Donnelly appears to state that he is suing the 249th Judicial District Court "in the municipal liability." (Dkt. No. 1 at 9 (capitalization altered).) To the extent this allegation can be liberally construed as a claim against Johnson County under § 1983, any such claim fails for the reasons the Court has already discussed in connection with Donnelly's claims against Detective in his official capacity and Judge, DA, and District Clerk as alleged policymakers or policy coordinators. The Court therefore should dismiss Donnelly's municipal liability claim against the 249th Judicial District Court, to the extent asserted, on this additional basis.

that Notary's actions of which he complains in connection with his 2015 and 2017 state habeas proceedings—namely, not having a notary logbook, using a "null stamp," and not having a notary identification number in violation of state law—were performed under color of state law such that Notary would be rendered a state actor for purposes of § 1983 liability. (Dkt. No. 1 at 3 (capitalization altered); *see also id.* at 4.) Indeed, a District Judge within this division has recently concluded that Texas notaries are not state actors for purposes of § 1983 liability. *See Crear v. Washington*, No. 3:25-CV-1590-L-BN, 2026 WL 1819125, at *1-3 (N.D. Tex. June 24, 2026) (discussing and rejecting plaintiff's arguments contending that notary publics are state actors for purposes of § 1983); *see also Ruiz-Ramirez v. El Chalala, Inc.*, No. 23-40055, 2023 WL 7549509, at *1 (5th Cir. Nov. 13, 2023) (unpublished) (affirming district court's dismissal of, among others, § 1983 claims where the district court concluded that the plaintiff failed to show that notary public defendants were state actors).

As for Marshall Young Insurance and Western Surety, both private entities, Donnelly fails to allege any facts to establish that they acted under color of state law merely by insuring and bonding Notary. *See West*, 487 U.S. at 49 ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." (internal quotation omitted)). He therefore fails to show that these private entities are state actors for § 1983 purposes.

Because Donnelly fails to allege facts sufficient to establish that Notary, Marshall Young Insurance, and Western Surety acted under color of state law such that they are state actors for purposes of § 1983 liability, the Court should dismiss any § 1983 claims against them for failure to state a claim.

## IV. LEAVE TO AMEND

A pro se plaintiff ordinarily should be granted leave to amend his complaint before dismissal. *See Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Leave to amend is not necessary, however, when the plaintiff has already pled his best case or if amendment would be futile. *See Aldridge v. Miss. Dep't of Corrs.*, 990 F.3d 868, 878 (5th Cir. 2021); *Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017).

Here, Donnelly's claims are either barred by Eleventh Amendment immunity or barred by *Heck*; his allegations also fail to state a claim against Defendants. Based on the most deferential review of the complaint and because his claims are barred by Eleventh Amendment immunity and *Heck*, it is highly unlikely that, given the opportunity, Donnelly could surmount the fatal infirmities of his complaint. The undersigned therefore concludes that granting leave to amend would be futile and cause needless delay.

Nonetheless, the time to file objections to this recommendation allows Donnelly an opportunity to cure the deficiencies discussed herein and thereby show the Court that his case should not be dismissed at this time and that he should instead be granted leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204,

1209 (5th Cir. 2021) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects may be cured, a district court may deny leave." (internal citations omitted)).

If Donnelly fails to show that leave to amend should be granted within the time to file objections to this recommendation, the Court should dismiss this case.

## V. RECOMMENDATION

The Court should **DISMISS** the official capacity claims against Judge and DA in the Prisoner's Civil Rights Complaint, received on July 22, 2024 (Dkt. No. 1), without prejudice as barred by Eleventh Amendment immunity. The Court should **DISMISS** the remaining claims with prejudice as frivolous until Donnelly satisfies the conditions of *Heck v. Humphrey*, 512 U.S. 477 (1994), and, in the alternative, **DISMISS** them with prejudice for failure to state a claim upon which relief may be granted.

**SO RECOMMENDED** on August 26, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).